```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                          :
CENTRAL STATES, SOUTHEAST,                :
AND SOUTHWEST AREA PENSION                :    CASE NO. 1:15-MC-00041
FUND; AND ARTHUR H. BUNTE, JR.,           :
as TRUSTEE                                :
         Plaintiffs,                      :
                                          :
v.                                        :    ORDER
                                          :    [Resolving Docs. 2, 4, 5]
CUYAHOGA DAIRY, INC., et al.,             :
         Defendants.                      :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Susan Moreno moves to vacate Plaintiffs' judgment, which was entered by the District Court for the Northern District of Illinois and subsequently registered in this District.[1] Defendant Moreno moves to vacate under Rule 60(b)(4) of the Federal Rules of Civil Procedure. With the motion she says the Northern District of Illinois did not have personal jurisdiction to give the judgment that has been registered with this Court.[2] Plaintiffs oppose.[3]

## I. Background

Defendant Moreno owns Cuyahoga Dairy, Inc., a milk-delivery company based in the Cleveland area. Her co-defendant, Andrea Molek, who does not join in this motion, is a corporate officer of Cuyahoga Dairy. Sometime before 2000, Molek signed a collective bargaining agreement

---

[1] Doc. 1; Doc 2.
[2] Doc. 2.
[3] Doc. 3. Defendant Moreno also filed a reply brief. Doc. 6.

-1-

Case No. 1:15-MC-00041
Gwin, J.

on behalf of Cuyahoga Dairy with a local union in Ohio.[4/] The agreement required Cuyahoga Dairy to make contributions to the pension funds that are now Plaintiffs in this lawsuit. As relevant for the purposes of this litigation, Plaintiffs sued Cuyahoga Dairy for failure to make requisite contributions to the funds. Cuyahoga Dairy subsequently defaulted and Plaintiffs received a default judgment in the Northern District of Illinois for 156,612.55.[5/]

The Northern District of Illinois then issued a "Citation in Supplemental Proceedings to Discovery Assets." The Citation prohibited Defendants Moreno and Molek from distributing the assets of Cuyahoga Dairy.

Defendant Moreno says she has never been to the state of Illinois and has never conducted business there.[6/] She alleges that she did not receive the Citation and "did not know of its existence."[7/] After the Citation was issued, Moreno caused certain funds to be paid from Cuyahoga Dairy's accounts. Defendant Molek also caused funds to be paid.[8/]

Plaintiffs filed an order to show cause why Defendants Moreno and Molek should not be held in contempt of Court. Defendant Moreno was unable to afford counsel, and instead submitted a April 27, 2015 letter to the Illinois federal court indicating that she had never been to Illinois and that she had not been sent a copy of the Citation.[9/]

The Northern District of Illinois held both Defendants Moreno and Molek in contempt of court. The district court issued the judgment against Moreno in the amount of $10,184.40, and

---

[4/] Doc. 2-1 at ¶ 5.
[5/] Doc. 2 at 3.
[6/] *Id.* at 2-3.
[7/] Doc. 2-1 at ¶ 7.
[8/] Doc. 3 at 3
[9/] Doc. 3-5.

-2-

Case No. 1:15-MC-00041
Gwin, J.

against Molek in the amount of $16,406.25.[10]

This judgment was subsequently registered in the Northern District of Ohio.[11] Plaintiffs have filed Motions for Orders of Garnishment as to both individual Defendants.[12]

Defendant Moreno now seeks to vacate the judgment against her, citing a lack of personal jurisdiction by the issuing court in the Northern District of Illinois. Plaintiffs oppose. Defendant Molek has not objected to the default judgments or the order of garnishment.

## II. Analysis

A judgment is void under Rule 60(b)(4) if the court that rendered the judgment lacked personal jurisdiction over the defendant.[13] The question at hand is whether a defendant may challenge a judgment for lack of personal jurisdiction not before the court which rendered the judgment, but rather before the court where the judgment is subsequently registered.

The initial question is whether this Court has the authority to review whether the Northern District of Illinois had personal jurisdiction over Defendant Moreno. The Sixth Circuit has not directly ruled on the question. However, at least five circuit courts have expressed approval for the registering court to review jurisdiction on a 60(b)(4) motion.[14] Defendants point

---

[10] Doc. 1 (attaching order from the Northern District of Illinois).
[11] *Id.*
[12] Doc. 4 (regarding Defendant Moreno); Doc. 5 (regarding Defendant Molek).
[13] *Jalapeno Prop. Mgmt. LLC. v. Dukas*, 265 F.3d 506, 516 (6th Cir. 2001).
[14] *Budget Blinds, Inc. v. White*, 536 F.3d 244, 258 (3d Cir. 2008) ("We next confront a question that parallels the one we addressed about Rule 60(b)(6): does a federal district court have the power to consider a motion to vacate another district court's judgment under Rule 60(b)(4) on the ground that the latter court lacked personal jurisdiction over the defendant? Neither party has contended that the District Court lacks this power. Nevertheless, we will explain why we hold that this power exists."); *Harper Macleod Solicitors v. Keaty & Keaty*, 260 F.3d 389, 394-95 (5th Cir. 2001) ("We join the majority of circuits and hold that registering courts may use Rule 60(b)(4) to sustain jurisdictional challenges to default judgments issued by another district court."); *Morris* ex rel. *Rector v. Peterson*, 759 F.2d 809, 811

(continued...)

Case No. 1:15-MC-00041
Gwin, J.

out that the Seventh Circuit came out the other way, finding review of personal jurisdiction by the registering court to be improper.[15] But even the Seventh Circuit stated that a registering court is "free to disregard the judgment, without formally annulling it under Rule 60(b)(4), if the rendering court lacked jurisdiction."[16]

Even if this Court retains authority to review personal jurisdiction, the second question is whether it should. Indeed, judicial efficiency and comity among the district courts counsel in favor of deferring to Northern District of Illinois.[17]

Defendant is correct that a personal jurisdiction challenge premised on the lack of minimum contacts may be well-suited for redress in the registering court. However, Plaintiffs have raised the specter that Defendant Moreno may have waived her right to challenge personal jurisdiction with her letter to the Illinois district court on April 27, 2015. The court that analyzes waiver must address whether Plaintiff gave a "reasonable expectation that [she] will defend the suit on the merits or must cause the court to go to some effort that would be wasted if personal jurisdiction is later found lacking."[18] Given this standard, the rendering court is better suited to

---

[14](...continued) (10th Cir. 1985) ("We agree with the trial court that it, as the court in which the judgment is registered, may grant relief under Rule 60(b)."); *Covington Indus. v. Resintex A.G.*, 629 F.2d 730, 732-33 (2d Cir. 1980) ("A judgment entered against parties not subject to the personal jurisdiction of the rendering court is a nullity. When, in an enforcement proceeding, the validity of the judgment is questioned on this ground, the enforcing court has the inherent power to void the judgment, whether the judgment was issued by a tribunal within the enforcing court's domain or by a court of a foreign jurisdiction, unless inquiry into the matter is barred by the principles of res judicata."). The First Circuit has supported the exercise of this power in dicta. *Indian Head Nat. Bank of Nashua v. Brunelle*, 689 F.2d 245 (1st Cir. 1982) ("Several courts of registration have considered Rule 60(b)(4) motions for relief from default judgments on the ground that the judgments were void because the rendering courts lacked jurisdiction over the party against whom enforcement was sought.").

[15] *Bd. of Trs., Sheet Metal Workers' Nat. Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031, 1034-35 (7th Cir. 2000).

[16] *Id.* at 1034.

[17] *See Harper*, 260 F.3d at 395.

[18] *Gerber v. Riordan*, 649 F.3d 514, 519 (6th Cir. 2011).

Case No. 1:15-MC-00041
Gwin, J.

analyze the effect of the April 27, 2015 letter.

This Court defers to the Northern District of Illinois.

For the above reasons, the Court **DENIES** Defendant Moreno's motion to vacate. Under 28 U.S.C. § 1404(a), the Court transfers the case with respect to Defendant Moreno to the Northern District of Illinois for further review. The Court **DENIES** the motion to garnish Defendant Moreno's personal assets until the Northern District of Illinois has decided any jurisdictional challenge. As no objection has been raised by Defendant Molek, the Court **GRANTS** Plaintiffs' garnishment motion as to her personal accounts.

IT IS SO ORDERED.


Dated: October 23, 2015                      s/    *James S. Gwin*
                                             JAMES S. GWIN
                                             UNITED STATES DISTRICT JUDGE