UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                              :
CENTRAL STATES SE. AND SW.        :            CASE NO. 1:15-MC-41
AREAS PENSION FUND,                  :            (CASE NO. 13-CV-430)
                                              :
      Plaintiff,                          :
                                              :
vs.                                           :            OPINION & ORDER
                                              :            [Resolving Docs. 25, 26]
CUYAHOGA DAIRY, INC.,             :
                                              :
      Defendant.                        :
                                              :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

     This matter concerns whether Plaintiff Central States may compel discovery from non-party Moreno Transporte. After Plaintiff won judgment against Defendant Cuyahoga Dairy, Defendant declared bankruptcy.[1]  Plaintiff now seeks discovery to determine if Moreno Transporte is a successor company to Defendant Cuyahoga Dairy.[2]

     Moreno Transporte moved to quash Plaintiff's discovery request, saying the request is a fishing expedition for confidential information.[3] Plaintiff responded by moving to compel discovery.[4]

     Under Federal Civil Procedure Rule 69, a "judgment creditor . . . may obtain discovery from any person . . . as provided in these rules" "in aid of a judgment."[5]  The Court finds

---

[1] Doc. 26 at 2-3.
[2] Plaintiff says Moreno Transporte would be jointly and severally liable if it is a successor to Cuyahoga Dairy.
[3] Doc. 25.
[4] Doc. 26.
[5] Fed. R. Civ. P. 69(a)(2).

Plaintiff's discovery request sufficiently narrowly tailored to determine if Moreno Transporte is a successor company.[6] The request is not a fishing expedition.[7]

Moreno Transporte says Plaintiff seeks confidential information. Plaintiff Central States offered to enter into a confidentiality agreement.[8] This offer sufficiently addresses Moreno Transporte's confidentiality concerns.

Accordingly, this court **GRANTS** Plaintiff's motion to compel discovery and **DENIES** Moreno Transporte's motion to quash.

IT IS SO ORDERED.

Dated: May 17, 2017

s/        *James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[6] Under Fed. R. Civ. P. Rule 26(b)(1), "parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense."
[7] *See, e.g.*, *Cent. States, Se. & Sw. Areas Pension Fund v. King Dodge, Inc.*, 2011 WL 2784118, at *3 (E.D. Mo. July 15, 2011).
[8] Doc. 25-8.